UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAVID WYGOCKI,**

        **Plaintiff,**                CIVIL ACTION NO. 15-cv-12488

        v.                            DISTRICT JUDGE ARTHUR J. TARNOW

**DR. LARSON, et al.,**            MAGISTRATE JUDGE MONA K. MAJZOUB

        **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff David Wygocki, currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, filed this *pro se* civil rights action on July 13, 2015, pursuant to 42 U.S.C. § 1983, alleging that Defendants Dr. Larson and Licensed Practical Nurse Anne Dauter[1] violated his rights as secured by the Eighth Amendment to the United States Constitution. (Docket nos. 1, 15.) This matter comes before the Court on Defendant Dauter's Motion to Dismiss on Grounds of Qualified Immunity Under Federal Rule of Civil Procedure 12((b)(6). (Docket no. 11.) Plaintiff has not responded to the Motion. This action has been referred to the undersigned for all pretrial purposes. (Docket no. 12.) The Court has reviewed the pleadings, dispenses with oral argument on the motion pursuant to Eastern District of Michigan Local Rule 7.1(f) and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] Plaintiff misspelled Defendant Dauter's last name as "Daughters" in the Complaint. (*See* docket nos. 1, 11.)

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Defendant Dauter's Motion to Dismiss (docket no. 11) be **GRANTED** with regard to the dismissal of Plaintiff's claims against her and **DENIED** with regard to her request for qualified immunity.

**II.    REPORT**

**A.     Background**

This matter arises from a surgery that Plaintiff underwent to have his colostomy bag removed. (Docket no. 1. at 5.) Plaintiff asserts that after the surgery, he was suffering from severe diarrhea because he had not had a normal bowel movement in months. According to Plaintiff, Defendant Dauter witnessed two nurses' aides cleaning Plaintiff and changing Plaintiff's diaper, and she instructed them to stop doing so because there was nothing wrong with Plaintiff to prevent him from performing those activities himself. Plaintiff claims that Defendant Dauter's actions caused his stomach stitches to rip open. Plaintiff alleges that Dr. Larson then cut the remaining stitches but never closed the wound back up, which resulted in serious and constant pain and a hideous scar.

Plaintiff lists cruel and unusual punishment, unusual and unnecessary pain, inadequate medical care and treatment, undue pain and suffering, gross negligence, and deliberate indifference due to sub-standard treatment as causes of action in his Statement of Claims. (Docket no. 1 at 5.) As relief, Plaintiff seeks 1.5 million dollars, reconstructive surgery, and legal fees. (*Id*. at 5-6.) Defendant Dauter now moves to dismiss Plaintiff's claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted based on qualified immunity. (Docket no. 11.)

2

**B.     Governing Law**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume [the] veracity [of the remaining allegations] and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### C. Analysis

To prevail on a § 1983 claim, a plaintiff must prove "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001) (citations omitted). There is no dispute that Defendant Dauter is a person who was acting under color of state law. Thus, the only remaining issue under a § 1983 analysis is whether she deprived Plaintiff of a constitutional right.

Plaintiff asserts a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. "The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment." *Horn by Parks v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Among 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citing *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)).

To support a claim of deliberate indifference under the Eighth Amendment, a Plaintiff must satisfy two components: an objective component, and a subjective component. *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013) (citing *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). "Satisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant . . . acted with a sufficiently culpable state of mind.'" *Quigley v. Toung Vinh Thai*,

707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

To satisfy the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994))). A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004) (citations omitted).

Here, Plaintiff alleges that he was experiencing diarrhea post-colostomy-bag-removal-surgery and that when Defendant Dauter saw two nurses' aides cleaning Plaintiff up and changing his diaper, she told them to stop because he was capable of doing it himself. (Docket no. 1 at 5.) Plaintiff seemingly alleges that his post-surgery medical care, specifically, assistance with personal care following a bowel movement, constituted a serious medical need. Plaintiff, however, does not allege that such assistance was ordered by a physician. And any argument that the need for such assistance was so obvious that even a lay person would recognize it is directly negated by Plaintiff's allegation that Defendant Dauter, a licensed practical nurse, believed that Plaintiff could perform his own personal care. Furthermore, Plaintiff pleads no facts regarding the severity of his condition or his ability (or lack thereof) to care for himself that would lead a lay person to recognize that his post-surgery personal care following a bowel movement necessitated medical attention. Accordingly, Plaintiff has not alleged that his need for assistance with his personal care was "sufficiently serious."

Even if Plaintiff's condition was sufficiently serious to satisfy the objective component of deliberate indifference, Plaintiff's claim fails under the subjective component. To satisfy the

subjective component of a deliberate indifference claim and show that the defendant had a sufficiently culpable state of mind, a plaintiff must show that "'the official knows of and disregards' the substantial risk of serious harm." *Villegas*, 709 F.3d at 569 (quoting *Harrison*, 539 F.3d at 518). The plaintiff need not prove, however, "that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.'" *Comstock*, 273 F.3d at 703 (quoting *Farmer*, 511 U.S. at 835). Instead, a plaintiff must show that (1) the defendant "subjectively perceived facts from which to infer substantial risk to the [plaintiff]," (2) the defendant "did in fact draw that inference," and (3) the defendant "then disregarded that risk." *Quigley*, 707 F.3d at 681 (citations omitted).

Although Plaintiff alleges that Defendant Dauter's actions caused his stomach stitches to rip open, Plaintiff does not allege that Defendant Dauter subjectively perceived and disregarded a substantial risk of harm to Plaintiff, let alone his stitches, if Plaintiff were to clean himself and change his own diaper following an incidence of diarrhea. According to Plaintiff, Defendant Dauter thought that Plaintiff was capable of handling his own personal care. Essentially, then, Plaintiff disagrees with Defendant Dauter's medical judgment. But a difference in judgment between an inmate and prison medical personnel regarding what constitutes appropriate medical treatment does not give rise to a constitutional violation. *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir. 1976)). Even construing the Complaint in the light most favorable to Plaintiff, Plaintiff's allegations, at most, represent allegations of mere negligence, which are simply not sufficient to allow Plaintiff's claim to proceed as a constitutional violation for deliberate indifference. *See Jerauld ex rel. Robinson v. Carl*, 405 F. App'x 970, 976 (6th Cir. 2010) (citation omitted) ("Deliberate indifference requires a degree of culpability greater than mere negligence."). Plaintiff's federal claims against Defendant Dauter should be dismissed on this

basis. Accordingly, to the extent that Plaintiff sets forth a state-law claim of gross negligence or negligence against Defendant Dauter, the court should decline to exercise supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1367(c)(3). *See Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.").

Lastly, Defendant Dauter asserts that she is entitled to qualified immunity because Plaintiff has failed to allege the violation of a constitutional right that is clearly established. Indeed, Plaintiff has failed to show that Defendant Dauter acted unconstitutionally, and where there is no constitutional violation, "the plaintiff's § 1983 claim fails as a matter of law and the defendant . . . does not need qualified immunity." *Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007).

### D.  Conclusion

For the reasons stated herein, it is recommended that the court **GRANT** Defendant Dauter's Motion to Dismiss (docket no. 11) insofar as she seeks dismissal of Plaintiff's claims against her, and **DENY** Defendant Dauter's Motion insofar as she requests qualified immunity.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which

raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  August 08, 2016            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated:  August 08, 2016            s/ Lisa C. Bartlett
                                   Case Manager