UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WYGOCKI,

        Plaintiff,                CIVIL ACTION NO. 15-cv-12488

    v.                             DISTRICT JUDGE ARTHUR J. TARNOW

DR. LARSON, et al.,          MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff David Wygocki, currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, filed this *pro se* civil rights action on July 13, 2015, pursuant to 42 U.S.C. § 1983, alleging that Defendants Lynn Larson, D.O.,[1] and Licensed Practical Nurse Anne Dauter[2] violated his rights as secured by the Eighth Amendment to the United States Constitution. (Docket no. 1.) This matter comes before the Court on Defendant Larson's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c). (Docket no. 21.) Plaintiff has not responded to the Motion. This action has been referred to the undersigned for all pretrial purposes. (Docket no. 12.) The Court has reviewed the pleadings, dispenses with oral argument on the motion pursuant to Eastern District of Michigan

---

[1] Plaintiff misspelled Defendant Larson's name as "Lawson" in the Complaint. (*See* docket nos. 1, 7, 8.) In fact, upon the United States Marshals Service's attempt to serve Defendant Lawson, Corizon Health indicated that it did not employ a Dr. Lawson and that could not accept service on his behalf. (Docket no. 9.) Accordingly, on May 3, 2016, the Court amended the docket to reflect the correct spelling of Defendant Larson's name and ordered service of the Complaint upon Defendant Larson. (Docket no. 15.) Defendant Larson accepted service shortly thereafter. (Docket no. 19.)

[2] Plaintiff misspelled Defendant Dauter's last name as "Daughters" in the Complaint. (*See* docket nos. 1, 11.) Defendant Dauter nevertheless accepted service of Plaintiff's Complaint and filed a Motion to Dismiss. (Docket nos. 10, 11.) The court dismissed Plaintiff's claims against Defendant Dauter on September 19, 2016. (Docket no. 25.)

Local Rule 7.1(f) and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. RECOMMENDATION

For the reasons that follow, it is recommended that Defendant Larson's Motion for Judgment on the Pleadings (docket no. 21) be **GRANTED** with regard to the dismissal of Plaintiff's claims against her and **DENIED** with regard to her request for costs and attorneys' fees. It is further recommended that the unnamed defendant be dismissed from this action pursuant to Rule 4(m) and that Plaintiff's Complaint be dismissed in its entirety.

## II. REPORT

### A. Background

This matter arises from a surgery that Plaintiff underwent sometime in September, October, or November of 2013 to have his colostomy bag removed, after which his incision was allegedly closed with stitches rather than staples. (Docket no. 1. at 3, 5.) Plaintiff asserts that after the surgery, he was suffering from severe diarrhea because he had not had a normal bowel movement in months. According to Plaintiff, Defendant Dauter witnessed two nurses' aides cleaning Plaintiff and changing Plaintiff's diaper, and she instructed them to stop doing so because there was nothing wrong with Plaintiff to prevent him from performing those activities himself. Plaintiff claims that Defendant Dauter's actions caused his stitches to rip open. Plaintiff alleges that Defendant Larson then cut the remaining stitches but never re-closed the incision, which resulted in serious and constant pain, a hideous scar on his belly, and the loss of his belly button.

Plaintiff lists cruel and unusual punishment, unusual and unnecessary pain, inadequate medical care and treatment, undue pain and suffering, gross negligence, and deliberate

indifference due to sub-standard treatment as causes of action in his Statement of Claims. (Docket no. 1 at 5.) As relief, Plaintiff seeks 1.5 million dollars, reconstructive surgery, and legal fees. (*Id*. at 5-6.) Defendant Larson now moves to dismiss the claims against her pursuant to Federal Rule of Civil Procedure 12 for Plaintiff's failure to exhaust his administrative remedies pursuant to 42 U.S.C. 1997e(a) prior to initiating this action. (Docket no. 21.)

### B. Governing Law

Defendant Larson moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Docket no. 21.) Rule 12(c) states that a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. "Motions seeking judgment on the pleadings, brought pursuant to Federal Rule of Civil Procedure 12(c), are reviewed under the same standard applied to motions to dismiss brought pursuant to Rule 12(b)(6)." *Estate of Malloy v. PNC Bank*, No. 11–12922, 2012 WL 1094344, at *4 (E.D. Mich. Apr. 2, 2012) (citation omitted).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) assume the veracity of the remaining allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Defendant Larson provides some information in addition to the pleadings, and when a Rule 12(c) motion presents matters outside the pleadings, the court must convert the motion to a motion for summary judgment under Rule 56 unless the district court excludes such matters. *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006). But "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account'" without the necessity of converting the motion into one for summary judgment. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll*., 259 F.3d 493, 502 (6th Cir. 2001)). The evidence provided by Defendant Larson falls under this exception.

C.     Analysis

Defendant Larson argues that dismissal is appropriate because Plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act. (Docket no. 21.) The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

The Michigan Department of Corrections (MDOC) Policy Directive 03.02.130 regarding prisoner grievances[3] requires a prisoner to file a Step I grievance within five days of attempting to resolve the grievable issue with prison staff. MDOC Policy Directive 03.02.130(V). If the prisoner is dissatisfied with the Step I response, he may file an appeal, referred to as a Step II grievance, "within ten business days after receiving the Step I response or, if no response was received, within ten business days after the date the response was due." MDOC Policy Directive 03.02.130(BB). A similar procedure applies to the Step III grievance process in that if a prisoner is dissatisfied with the Step II response, the prisoner "must send a completed Step III grievance, using the Prisoner/Parolee Grievance Appeal form . . . , to the Grievance and Appeals Section within ten business days after receiving the Step II response or, if no response was received, within ten business days after the date the response was due." MDOC Policy Directive 03.02.130(FF). A prisoner's administrative remedies are exhausted once his complaints have

---

[3] Defendant Larson attached a copy of MDOC Policy Directive 03.02.130 to her Motion. (Docket no. 21-2.)

been grieved through all three steps of the grievance process in compliance with the policy. MDOC Policy Directive 03.02.130(B).

As part of her Motion, Defendant has provided the Court with Plaintiff's grievance record dating back to March of 2013. (Docket no. 21-1.) In that time, Plaintiff has filed and pursued two grievances through Step III of the grievance process. In grievance no. ECF-13-03-0957-19d, filed by Plaintiff on March 26, 2013, Plaintiff alleged that he was missing certain property items following a transfer to temporary segregation. (Docket no. 21-1 at 1-5.) In grievance no. ECF-13-04-1227-12i, filed by Plaintiff on April 24, 2013, Plaintiff alleged that he was inappropriately being denied a snack bag for medication that indicates that it could or should be taken with food. (*Id.* at 1, 6-10.) As Defendant Larson asserts, both of those grievances pre-date and are unrelated to the claims Plaintiff alleges in his Complaint. (*See* docket no. 21 at 15 (citing docket no. 21-1).) Plaintiff has therefore failed to exhaust the administrative remedies available to him regarding his instant claims in accordance with MDOC Policy Directive 03.02.130, and his claims should be dismissed.

Lastly, in the Complaint, Plaintiff indicates that he would also like to sue the doctor who removed his colostomy bag and closed his incision with stitches rather than staples. (Docket no. 1 at 3.) Plaintiff asserts that he is unable to do so unless he gets a court order to access his medical record, presumably because he does not know the name of this doctor. (*Id.*) Plaintiff is incorrect. According to MDOC Policy Directive 03.04.108(U), a prisoner may receive copies of documents contained within his/her health record by making a written request to the appropriate health information manager and paying the required per-page fee.[4]

---

[4] "The MDOC's policy directives are a proper subject of judicial notice under Fed.R.Evid. 201(b)." *Vartinelli v. Pramstaller*, No. 10-10702, 2010 WL 5330487, at *4 n.4 (E.D. Mich. Dec. 1, 2010), *objections overruled,* No. 10-10702, 2010 WL 5330484 (E.D. Mich. Dec. 21, 2010) (citing *Toth v. Grand Trunk R.R.,* 306 F.3d 335, 349 (6th Cir. 2002)).

6

http://www.michigan.gov/documents/corrections/PD_03_04_108_500056_7.pdf. Without good cause, Plaintiff has failed to name this defendant, so service has not been effectuated upon him or her within the time allotted by Federal Rule of Civil Procedure 4(m). Accordingly, this unnamed defendant should be dismissed from this action for Plaintiff's failure to comply with Rule 4(m), and Plaintiff's Complaint should be dismissed in its entirety.

### D. Conclusion

For the reasons stated herein, it is recommended that the court **GRANT** Defendant Larson's Motion for Judgment on the Pleadings (docket no. 21) insofar as she seeks dismissal of Plaintiff's claims against her, and **DENY** Defendant Larson's Motion insofar as she requests costs and attorneys' fees. It is further recommended that the unnamed defendant be dismissed from this action pursuant to Rule 4(m) and that Plaintiff's Complaint be dismissed in its entirety.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: January 4, 2017        s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: January 4, 2017        s/ Lisa C. Bartlett
                                      Case Manager